<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KEELE PARK, | : |
| Plaintiff, | : Civil Action No. 15-3517 (SRC) |
| v. | : |
|  | : **OPINION & ORDER** |
| INOVIO PHARMACEUTICALS, INC. et al., | : |
| Defendants. | : |

<u>**CHESLER**</u>, **U.S.D.J.**

      This matter comes before the Court on the motion to dismiss the Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Inovio Pharmaceuticals, Inc. ("Inovio") and J. Joseph Kim (collectively, "Defendants"). For the reasons stated below, the motion to dismiss will be granted.

      This case arises from a dispute over the exercise of a grant of stock options by Plaintiff. The Complaint alleges that Plaintiff worked for a corporate predecessor of Defendant Inovio, and received as partial compensation the "2006 Option Grant." The Complaint alleges, in short, that Defendants have breached their contract by refusing to allow him to exercise this grant, and that he began attempting to exercise the grant in 2013. (Compl. ¶ 32.)

      Defendants move to dismiss on the ground that Plaintiff was not eligible in 2013 to exercise the 2006 stock options under the terms of the governing agreement. The Complaint alleges that the 2006 Option Grant was subject to the terms of corporate predecessor VGX's Equity Compensation Plan (the "Plan.") (Compl. ¶ 23.) In reviewing a motion to dismiss,

pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Defendants point to § 5(f)(1) of the Plan which, in short, provides that options expire unless exercised within 90 days of the employee's date of last service. The Complaint alleges that Plaintiff's employment terminated on June 1, 2006, but that Plaintiff continued to provide services to Inovio after that date. Defendants argue persuasively that the Complaint provides no factual basis to infer that Plaintiff sought to exercise the stock options within 90 days of his date of last service.[1] The Complaint alleges no facts to make plausible a claim that Plaintiff provided services to Inovio after June 1, 2006, such that he was entitled to exercise the 2006 Option Grant in 2013.

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Complaint does not contain sufficient well-

---

[1] The Court observes that Plaintiff's July 17, 2015 certification, submitted in opposition to this motion, provides only vague and conclusory assertions about the services he rendered to Defendants after June 1, 2006.

pleaded factual allegations to give rise to an entitlement to relief.  The motion to dismiss will be granted, and the Complaint will be dismissed in its entirety without prejudice.  Plaintiff will be granted leave to amend the Complaint to add factual allegations supporting the claim that he sought to exercise the stock options within 90 days of his date of last service.

For these reasons,

**IT IS** on this 9th day of October, 2015,

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 9) is **GRANTED**, and the Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint, as limited above, within 30 days of the date of entry of this Order.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.