NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEELE PARK, | : | |
| Plaintiff, | : | Civil Action No. 15-3517 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| INOVIO PHARMACEUTICALS, INC. et al., | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Inovio Pharmaceuticals, Inc. ("Inovio") and J. Joseph Kim (collectively, "Defendants"). For the reasons stated below, the motion to dismiss will be granted in part and denied in part.

This case arises from a dispute over the exercise of two grants of stock options to Plaintiff. The Amended Complaint alleges that Plaintiff received two option grants from a corporate predecessor of Defendant Inovio: 1) the 2005 option grant (the "2005 Grant"); and 2) the 2006 option grant (the "2006 grant"). The Amended Complaint alleges that Plaintiff had been employed by the predecessor at the time he received the 2005 Grant as partial compensation, that his employment terminated on June 1, 2006, and that he received the 2006 Grant after termination. The Amended Complaint alleges, in short, that Defendants have breached their contract by refusing to allow him to exercise these grants, and that he began attempting to exercise the grants in 2013. (Am. Compl. ¶ 32.) The Amended Complaint asserts six claims: 1) breach of contract; 2)

breach of the implied covenant of good faith and fair dealing; 3) unjust enrichment; 4) intentional and negligent misrepresentation; 5) intentional nondisclosure; and 6) declaratory judgment.

Defendants move to dismiss the Amended Complaint on several grounds. First, Defendants argue that the breach of contract claims fail because, under the express terms of the contract, Plaintiff had only 90 days after the termination of his employment to exercise the option, and the Amended Complaint alleges that years passed before any attempt to exercise the option.

The Court first observes that Plaintiff's opposition brief argues only that the claim for breach of the 2006 Grant is valid; it does not assert that the claim for breach of the 2005 Grant is valid. This Court interprets this as an abandonment of all claims pertaining to the 2005 Grant. To the extent that the Amended Complaint asserts claims concerning the 2005 Grant, such claims will be dismissed with prejudice.

As to the 2006 Grant, Defendants contend that the 2001 Equity Compensation Plan requires that the options be exercised "within 90 days of the time he stopped performing services." (Pls.' Br. 9.) Defendants contend that Plaintiff's claims for breach must fail because he did not do so. The first problem with this argument is that it relies on a fact contrary to that alleged in the Amended Complaint, which alleges that Plaintiff has provided continuous services to VGX to the present. "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). Defendants have disregarded this basic rule.

This alone is sufficient to deny the motion to dismiss the claims for breach of the 2006 Grant. The Court additionally observes, however, that it appears plausible that the Amended

Complaint does not limit "services" to services as an employee.[1]  The 2006 Grant states: "The Board . . . has decided to make a stock option grant to the Grantee as an inducement for the Grantee to promote the best interests of the Company and its stockholders."  (Am. Compl. Ex. E at 1.)  It is undisputed that the 2006 Grant was issued after the termination of Plaintiff's employment.  It is thus plausible that Plaintiff continuously upheld his end of this bargain from 2006 forward, and that his attempt to exercise the 2006 Grant in 2013 was timely.  Moreover, even if Defendants persuaded the Court to agree with their interpretation of the 2006 Grant, Plaintiff would still have a plausible claim for breach of the implied covenant of good faith and fair dealing.[2]  As to the 2006 Grant, the motion to dismiss the breach of contract claims (both express in the First Count and implied in the Second Count) will be denied.

Defendants next argue that the unjust enrichment claim must be dismissed because an unjust enrichment claim must fail where the plain terms of a written contract address the disputed issue.  As Plaintiff argues in opposition, the use of breach of contract and unjust enrichment as alternative theories of recovery is well-established.  Federal Rule of Civil Procedure 8(d)(2, 3) expressly allows this.  The motion to dismiss the Third Count will be denied.

---

[1] Defendants ask this Court, in effect, to interpret "services" in the relevant documents in the narrow way most favorable to them.  It is well-established that this Court must view the factual allegations in the light most favorable to Plaintiff.  Given the timing of the 2006 Grant – after termination of Plaintiff's employment – it is certainly plausible that the parties intended "services" to have a much broader scope than "employment."  The interpretation of the relevant contractual provisions in this case has some complexity and the Court goes no further than to say, for the purpose of this motion, that Plaintiff's interpretation is plausible.

[2] Defendants contend that this Court should apply Pennsylvania law to the breach claim, but the 2001 Equity Compensation Plan expressly provides for the application of Delaware law, which, like New Jersey law, implies the covenant of good faith and fair dealing in every contract.  Dunlap v. State Farm Fire & Cas. Co., 878 A.2d 434, 442 (Del. 2005).

Defendants next contend that the Fourth and Fifth Counts, for intentional and negligent misrepresentation and intentional nondisclosure, are barred by the economic loss doctrine. "The Economic Loss Doctrine provides that no cause of action exists for negligence that results solely in economic damages unaccompanied by physical or property damage." Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 175 (3d Cir. 2008). See also King v. Hilton-Davis, 855 F.2d 1047, 1051 (3d Cir. 1988) ("When loss of the benefit of a bargain is the plaintiff's sole loss, the judgment of the Supreme Court was that the undesirable consequences of affording a tort remedy in addition to a contract-based recovery were sufficient to outweigh the limited interest of the plaintiff in having relief beyond that provided by warranty claims.") The Fourth and Fifth Counts allege tortious conduct which resulted solely in economic damages. In opposition, Plaintiff contends that the Fourth and Fifth Counts fall within the exception to the economic loss doctrine for claims of fraud in the inducement. The Fourth and Fifth Counts are not, however, claims for fraud in the inducement of the contract: they do not allege a misrepresentation which is "extraneous to the contract." Werwinski v. Ford Motor Co., 286 F.3d 661, 676 (3d Cir. 2002). Rather, they recast the claim for breach of contract as tort claims. The Fourth and Fifth Counts are barred by the economic loss doctrine. As to the Fourth and Fifth Counts, the motion to dismiss will be granted, and the Fourth and Fifth Counts will be dismissed with prejudice.

Defendants move to dismiss the Sixth Count, for declaratory judgment, as duplicative of other claims. Plaintiff's opposition brief states no opposition to this point, and the Court finds that Plaintiff has abandoned this claim, which will be dismissed with prejudice.

Lastly, Defendants argue that all claims are barred by the applicable statutes of limitation. Again, this argument relies on contradicting factual allegations in the Amended Complaint, which

alleges that Plaintiff has provided continuous services to the present day.  (Am. Compl. ¶ 44.)  The motion to dismiss all claims as barred by applicable statutes of limitation will be denied.

For these reasons,

**IT IS** on this 1st day of March, 2016,

**ORDERED** that Defendants' motion to dismiss the Amended Complaint (Docket Entry No. 22) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, to the extent that the Amended Complaint asserts claims concerning the 2005 Grant, Defendants' motion to dismiss such claims is **GRANTED**, and any such claims are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the First, Second and Third Counts, relating to the 2006 Grant, Defendants' motion to dismiss is **DENIED**; and it is further

**ORDERED** that, as to the Fourth, Fifth and Sixth Counts, Defendants' motion to dismiss is **GRANTED**, and the Fourth, Fifth and Sixth Counts are hereby **DISMISSED** with prejudice.

       s/ Stanley R. Chesler
       Stanley R. Chesler, U.S.D.J.